Samuel J. Silverman, J.
This is an application by the defendant, convicted in 1942 of murder in the first degree, for a hearing as to the voluntariness of his confession, in accordance with People v. Huntley (15 N Y 2d 72 [1965]) and Jackson v. Demo (378 U. S. 368 [1964]).
*512 I. It is clear that no issue as to voluntariness of the confession was raised on the trial and that, indeed, the confession itself was not relevant to the only real issue in the case, which was whether the jury should make a recommendation for life imprisonment.
On the trial the defendant testified and his testimony was substantially in accord with his alleged confession. He did not testify to any coercion or involuntariness. Nor did anyone else. (Defendant’s counsel did ask a police witness these questions: “ Q At any time you saw him did he show any signs to you of having been struck by anybody? A He did not. Q To your knowledge was he struck: A He was not. Q By anyone? A No.” The testimony was never followed up in any way, nor was there any suggestion, even by defendant himself, that there was any issue as to this. In the circumstances of this case, I do not think that these questions were a raising of the issue of voluntariness.)
Furthermore, throughout the case, beginning with this defendant’s counsel’s opening statement, through the trial and through this defendant’s counsel’s summation to the jury, there was never any dispute as to the defendant’s guilt of the crime. The only issue, from beginning to end, as to this defendant, was whether the jury should bring in a verdict of murder in the first degree, without a recommendation (in which event the mandatory sentence was death), or a verdict of murder in the first degree with a recommendation for life imprisonment. The confession, of course, bore only on guilt, not on the recommendation.
It is further clear that the choice not to raise the issue of voluntariness was a deliberate choice by defendant’s counsel, based, at least in part, on his desire not to becloud the only issue he was raising — that of punishment — even apart from the question of whether defendant’s counsel had any reason to believe that there was any evidence of involuntariness.
Defendant’s strategy was successful. The jury brought in the verdict that his counsel asked for — guilty of murder in the first degree, with a recommendation for life imprisonment. The court accepted that recommendation and sentenced the defendant to life imprisonment. His two codefendants, one of whom had explicitly raised the issue of voluntariness, were found guilty of murder in the first degree, without a recommendation, and were sentenced to death. (The record before me does not indicate whether these sentences were executed.)
In these circumstances, it is clear that the voluntariness of the confession had nothing to do with the case as to this defendant. As to him, it was simply not in the case.
*513 II. In People v. Huntley (15 N Y 2d 72, 77 [1965]), the Court of Appeals said:
“ (1) As to trials already concluded:
“ (a) No Jachson-Denno hearing will be necessary in cases where a confession was admitted without any objection by the defendant or any assertion by him or his witnesses as to voluntariness. Even in these cases, however, if the trial court has charged the jury on voluntariness the issue was in the case and a new hearing is indicated.”
In the case at bar, the confession was admitted without any objection by this defendant or any assertion by him or his witnesses as to voluntariness. But the Judge did charge the jury on voluntariness. After specifically charging on voluntariness as to a codefendant, the court went on to say: “ This applies with equal force to any admissions or statements made by any of the defendants to the police or to the District Attorney and no matter where they were made.”
In these circumstances, does the quoted statement from the Court of Appeals opinion require a hearing on the issue of voluntariness in this case? I think not. I think the fair meaning of the Court of Appeals statement is that if the issue of voluntariness is in the case somehow, it is deemed sufficiently preserved by the fact that the court has charged on the issue of voluntariness. Until instructed otherwise by an appellate court, it seems to me that I should take the position that the Court of Appeals did not mean that where the issue of voluntariness has not been either explicitly or even impliedly raised in the trial, it is created by a general charge by the court as to voluntariness.
It seems to me this view is particularly appropriate where, as here, it is clear that defendant was deliberately not interested in that issue, and that by pursuing the single-minded strategy which his counsel pursued, he obtained the benefit of avoiding a death sentence, while his codefendants, at least one of whom did not pursue that strategy, were sentenced to death.
The application for a writ of error coram nobis is denied.